**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| ROBERT LEE REICH, <br><br> Plaintiff, <br><br> vs. <br><br> BUTTE SILVERBOW DISTRICT COURT JUDGE, BUTTE SILVERBOW JUSTICE COURT JUDGE, SILVERBOW JUSTICE OF THE PEACE <br><br> Defendants. | CV 24-16-BU-BMM <br><br> ORDER |

Plaintiff Robert Lee Reich ("Reich"), a pro se plaintiff, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) Reich is a pretrial detainee incarcerated in the Butte Silverbow Detention Center on a $1,000,000 bond. (*Id*. at 3.) Reich argues his bond is excessive and violates his rights under the Eighth Amendment. (*Id*. at 3–4.)

Reich also has filed a motion for leave to proceed in forma pauperis ("IFP") but has not supplied a copy of his inmate account statement. (Doc. 1.) The Court will grant Reich's motion to proceed IFP because no reason exists to delay this matter further.

1

Reich explains that he was initially arrested on March 1, 2024, and held on an alleged probation violation. (Doc. 2 at 4.) He alleges that his bail was set at $500,000 in the Butte-Silver Bow Justice Court. (*Id.*) Reich was seen again in the Butte-Silver Bow Justice Court on March 7, 2024, and he indicates that his bail was raised to $1 million dollars. (*Id.* at 5.)

The Court has independently reviewed filings from Reich's criminal proceedings. *See Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (proceedings, orders, and filings in other courts, including state courts, are the proper subject of judicial notice when directly related to the case at issue). Butte-Silver Bow District Court Judge Robert J. Whelan recently granted the State of Montana leave to file an information by affidavit, appointed the Office of the State Public Defender to represent Reich, and set bond at $500,000. *See State v. Reich*, DC-24-94, Ord. (filed March 25, 2024).[1] Reich's district court arraignment is currently scheduled for April 10, 2024, at 1:30 p.m. *See State v. Reich*, DC-24-94, ROA.

Reich is a prisoner proceeding in forma pauperis. This Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. Section 1915 and 1915A require the Court to dismiss a complaint filed in forma pauperis against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon

---

[1] A copy of the state court documents referenced herein will be attached to this Order as exhibits.

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b), 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

This Court will decline to intervene in Reich's ongoing state court proceedings under the *Younger* abstention doctrine. Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 45–46 (1971). Irreparable injury does not exist if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. *Id.* at 46. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" *Id.* at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention proves appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original) (citation and internal quotations omitted). A claimant may avoid application of the *Younger* abstention doctrine by demonstrating bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v.*

4

*Ledesma*, 401 U.S. 82, 85 (1971). The *Younger* doctrine dictates that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980) (quoting *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972)).

This Court's intervention in Reich's ongoing criminal cases is barred by *Younger*. The Court, after reviewing Reich's complaint, finds that all criteria for *Younger* abstention are met. First, Reich's state case is currently pending; thus, the matter is ongoing. Second, Reich's criminal proceedings implicate the State of Montana's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, Reich has failed to demonstrate an inability to raise his constitutional challenges in his state proceedings. He may challenge the manner in which he has been prosecuted and the bond that has been set in his district court proceedings and/or on appeal therefrom. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").

Finally, granting relief in the instant matter would have the practical effect of enjoining Reich's ongoing state proceedings. Reich has not shown irreparable injury will occur without this Court's intervention or demonstrated any other extraordinary circumstance. The Court will abstain because no compelling reason exists to justify this Court's intervention. *Younger* provides a basis for dismissal.

Additionally, Reich fails to state a claim against the named defendants. Judges remain absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000). A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Reich has failed to identify an act undertaken by either the district court judge or the justice court judge that would indicate that the judges acted outside of their respective judicial capacities or without jurisdiction. Setting bond constitutes a judicial act undertaken in the normal course of criminal proceedings. Accordingly, the named judges and their courts are entitled to judicial immunity from suit.

Sections 1915 and 1915A of Title 28 of the United States Code require the dismissal of a complaint that fails to state a claim upon which relief may be granted

but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Court liberally grants leave to amend to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

The *Younger* doctrine directs the Court's abstention. The ongoing nature of Reich's state proceedings is not an issue which could be cured by amendment. Similarly, Reich names defendants who enjoy immunity from suit and improper parties under 42 U.S.C. § 1983. Granting leave to amend would be futile. This matter will be dismissed. The Court will deny Reich's motions for subpoena as moot because this matter is being dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Reich's IFP motion (Doc. 1) is **GRANTED**. The Clerk of Court is directed to waive payment of the filing fee.

2. This matter is **DISMISSED**. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

3. Reich's motions for subpoena (Doc. 4, 5) is **DENIED** as moot.

4. The Clerk of Court is directed to attach the March 25, 2024, Order, issued in *See State v. Reich*, DC-24-94, along with a copy of the ROA listing, as exhibits to this Order.

5. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

DATED this 10th day of April, 2024.

_____
Brian Morris, Chief District Judge
United States District Court